UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AD HOC SHRIMP TRADE ACTION COMMITTEE,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES,<br><br>      Defendant. | Court No. 10-00297 |

**COMPLAINT**

Plaintiff Ad Hoc Shrimp Trade Action Committee, by and through its undersigned attorneys, makes the following allegations.

**DETERMINATION CONTESTED**

1.  This is an appeal from the final determination issued by the United States Department of Commerce, International Trade Administration ("Commerce") of the fourth administrative review of the antidumping duty order covering certain frozen warmwater shrimp from Thailand. The final determination covers entries of frozen warmwater shrimp from Thailand from February 1, 2008 through January 31, 2009.

2.  Commerce issued its Final Results on August 31, 2010, and notice thereof was published in the Federal Register on September 9, 2010. See Certain Frozen Warmwater Shrimp from Thailand, 75 Fed. Reg. 54,847 (Dep't Commerce September 9, 2010) (final results and partial rescission of antidumping duty administrative review) ("Final Results"). The challenged determinations, findings, and conclusions are set out primarily in the accompanying "Issues and Decision Memorandum" for the Final Results. See Decision Memorandum, A-549-822, ARP

08-09 (August 31, 2010), available at http://ia.ita.doc.gov/frn/summary/THAILAND/2010-22376-1.pdf ("ID Memorandum")

## JURISDICTION

3.      This action is commenced under Sections 516A(a)(2)(B)(iii) and 516A(d) of the Tariff Act of 1930 (the "Act"), as amended (19 U.S.C. §§ 1516a(a)(2)(B)(iii), 1516a(d) (2000)), to contest the Final Results issued by Commerce in the fourth administrative review of certain frozen warmwater shrimp from Thailand.

4.      This Court has jurisdiction over this matter pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c) (2000).

## TIMELINESS OF THE ACTION

5.      Commerce published the Final Results of the fourth administrative review of certain frozen warmwater shrimp from Thailand in the Federal Register on September 9, 2010.  See Final Results, 75 Fed. Reg. at 54,847.

6.      This action was commenced by the filing of a Summons and Complaint on October 7, 2010, within 30 days after the publication of the Final Results.  Accordingly, this action is timely commenced pursuant to 19 U.S.C. § 1516a(a)(2)(A) and 28 U.S.C. § 2636(c) (2000).

## STANDING

7.      Plaintiff Ad Hoc Shrimp Trade Action Committee is an association, a majority of whose members manufacture, produce, or wholesale a domestic like product in the United States. Consequently, Plaintiff is an "interested party" as defined by 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(F) (2000).  Additionally, Plaintiff was a party to and actively participated in the administrative proceeding which resulted in the contested determination that is the subject of this

appeal. Accordingly, Plaintiff has standing pursuant to 19 U.S.C. § 1516a(d) as a party to the proceeding in connection with which this Complaint arises.

8. Plaintiff is entitled to commence this action pursuant to 28 U.S.C. § 2631(c) (2000).

## STATEMENT OF CLAIMS

### COUNT ONE

9. Plaintiff incorporates the allegations contained in paragraphs 1 through 8 as fully set forth herein.

10. Commerce selected mandatory respondents pursuant to section 777A(c)(2)(B) of the Act (19 U.S.C. § 1677f-1(c)(2)(B)), which permits the agency to limit review to "exporters and producers accounting for the largest volume of the subject merchandise from the exporting country that can be reasonably examined." ID Memorandum at 9.

11. Commerce relied on "type 3" import data obtained from U.S. Customs and Border Protection ("CBP") as the basis for selection of mandatory respondents in the review. Id.

12. Record evidence demonstrated that CBP data were an unreliable proxy for determining which exporters and producers accounted for the largest volume of the subject merchandise from the exporting country.

13. Commerce's reliance on "type 3" import data obtained from CBP to select mandatory respondents is not reasonable, unsupported by substantial evidence, and is otherwise not in accordance with law.

### COUNT TWO

14. Plaintiff incorporates the allegations contained in paragraphs 1 through 13 as fully set forth herein.

15. In the <u>Final Results</u>, Commerce made a constructed export price ("CEP") offset to the Rubicon Group's normal value. ID Memorandum at 35.

16. Commerce's grant of a CEP offset to the Rubicon Group's normal value is unsupported by substantial evidence on the record, and is otherwise not in accordance with law.

## COUNT THREE

17. Plaintiff incorporates the allegations contained in paragraphs 1 through 16 as fully set forth herein.

18. The Rubicon Group reported gross unit prices inclusive of sauce value, but exclusive of sauce weight. ID Memorandum at 37.

19. Although the Rubicon Group conceded that the respondent could report gross unit prices inclusive of both sauce value and sauce weight, the Department continued to accept the Rubicon Group's original reporting of gross unit prices. ID Memorandum at 38.

20. Commerce's acceptance of the Rubicon Group's methodology for reporting gross unit prices inclusive of sauce value, but exclusive of sauce weight is unsupported by substantial evidence and is otherwise not in accordance with law.

## COUNT FOUR

21. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as fully set forth herein.

22. Pakfood reported certain home market billing adjustments unaccompanied by adequate explanation or source documentation to support the proposed adjustments.

23. For the <u>Final Results</u>, Commerce held that a worksheet, invoice and credit note were sufficient to support Pakfood's home market billing adjustments. ID Memorandum at 25.

24.     Commerce's acceptance of Pakfood's proposed home market billing adjustments as reported is unsupported by substantial evidence and is otherwise not in accordance with law.

## REQUEST FOR RELIEF

25.     Wherefore, Plaintiff respectfully requests that this Court:

- a. hold and declare that the aspects of Commerce's <u>Final Results</u> described herein are unsupported by substantial evidence on the record, or are otherwise not in accordance with law;
- b. remand this case to Commerce for disposition consistent with the decision of this Court; and
- c. provide such other relief as this Court deems just and appropriate.

Respectfully submitted,

   /s/ Nathaniel Maandig Rickard  
Andrew W. Kentz  
Nathaniel Maandig Rickard  
**PICARD KENTZ & ROWE LLP**  
1750 K St., N.W.  
Suite 1200  
Washington, DC 20006  
(202) 331-5040  
*Counsel to the Ad Hoc Shrimp Trade Action Committee*

Dated: October 7, 2010